Bell, J.,
dissenting. The majority opinion herein seems to settle irrevocably, a proposition about which there has • been no serious doubt since 1922, i. e., that the application of funds created by water rentals to the payment of general municipal obligations or for any purpose other than constructing, maintaining and operating facilities for the supply of water results in levying a tax only on water users to meet the expenses of government, in violation of the express terms of Section 743.05, Revised Code.
My disagreement with the majority opinion stems from what I consider a non sequitur, contained in the next to the last paragraph of the opinion, to the effect that, since a city cannot use surplus water rentals for general governmental expenses, it cannot impose an excise tax on the users of a commodity sold by the city.
There can be no serious argument, I think, that an excise tax may properly be defined as one laid on licenses to pursue certain occupations, on corporate privileges or on sales or consumption of commodities. In my opinion, the tax imposed by the ordinance and described therein as “an excise tax on water and sewer bills” is purely and simply an excise tax upon the consumers of a commodity in a field that has not been preempted by the state.
Matthias, J., concurs in the foregoing dissenting opinion.